UNITED STATES of America,
Appellee,

v.

Alan Barton NACHAMIE, also known as Alan Barton; Edwin Tunick; Imran Aziz Shaikh, also known as Imran Aziz, also known as John Andrews; Lydia Martinez; Jose Hernandez; Kenneth Schrager; Alan Siegel, Defendants,

Donna Vining; Ghanshyam Kalani, also known as Jim Kalani, Defendants–Appellants.

Nos. 00–1677, 00–1679.

United States Court of Appeals, Second Circuit.

March 19, 2001.

James E. Neuman, Mischel, Neuman & Horn, New York, NY, for appellant.

Erika K. Thomas, Assistant United States Attorney for the Southern District of New York; Mary Jo White, United States Attorney; Gary Stein, Assistant United States Attorney, on the brief, New York, NY, for appellee.

Present STRAUB, and POOLER, Circuit Judges, and MUKASEY, District Judge.*

## SUMMARY ORDER

AFTER ARGUMENT AND UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the District Court is hereby AFFIRMED.

Defendant–Appellant Ghanshyam Kalani appeals from a judgment of conviction entered on September 25, 2000, in the United States District Court for the Southern District of New York (Shira A. Scheindlin, Judge).[1] Following a jury trial, Kalani was found guilty of one count of participating in a scheme to defraud Medicare, in violation of 18 U.S.C. §§ 1347 and 2; one count of making false statements in matters involving the Medicare program, in violation of 18 U.S.C. §§ 1035 and 2; and five counts of submitting false claims to Medicare, in violation of 42 U.S.C. § 1320a–7b(a)(5) and 18 U.S.C. § 2. Kalani was sentenced principally to a term of imprisonment of twelve months and one day and was ordered to pay restitution in the amount of $161,785.88.

On appeal, Kalani challenges only his sentence and the amount of restitution ordered by the District Court. Kalani asserts four claims: (1) that the District Court's sentencing violated the rule set forth in *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000); (2) that the District Court should have applied a heightened burden of proof concerning loss and, regardless, lacked

---

* The Honorable Michael B. Mukasey, Chief Judge of the United States District Court for the Southern District of New York, sitting by designation.

1. Defendant–Appellant Donna Vining moved to withdraw her appeal, and the government consented. By order dated January 25, 2001, Vining's motion was granted.

sufficient evidence to calculate the amount of intended loss; (3) that the District Court erred in refusing to grant a mitigating role adjustment; and (4) that the District Court abused its discretion in refusing to apportion restitution to reflect his relative culpability and gain.

We find no merit in Kalani's claims. With regard to claims (2), (3), and (4), we affirm for substantially the reasons stated in the District Court's thorough Opinion and Order of September 22, 2000. Kalani's first claim is foreclosed by this Court's recent decision in *United States v. Garcia,* 240 F.3d 180 (2d Cir.2001), which held that *Apprendi* does not require a jury determination beyond a reasonable doubt as to a sentencing factor that does not raise a sentence beyond the statutory maximum.

For the reasons set forth above, we AFFIRM the judgment of the District Court.